LoConto, J.
Pursuant to Dist/Mun. Cts. R.A.D.A, Rule 8A, the defendants/ appellants appeal the final judgment entered against them and are aggrieved by the denial of requests for rulings No. 8 and 10, as follows:
Request No. 8. On the evidence submitted the plaintiff cannot recover because he failed to prove he was not trespassing at the time of this incident.
Request No. 10. The evidence does not warrant a finding for the plaintiff, and therefore a finding for the defendants is required as a matter of law.
The facts necessary for an understanding of these issues as recited in the trial judge’s findings are as follows:
The plaintiff, a child of approximately twelve years, walked by the defendants’ yard. The yard was occupied by Shane, a collie and Mrs. Brideau and the Brideau children. Plaintiff asked Mrs. Brideau if he could walk Shane. Mrs. Brideau responded “NO.” The plaintiff asked if he could come into the yard to play with Shane. Mrs. Brideau responded “NO.” The yard had a picket fence with one gate. The gate had a slide bolt on the exterior of the pickets. The fence was intended to restrict the freedom of the Brideau children, ages 4,2, and 11 months. There is no evidence that the plaintiff was teasing, tormenting or abusing the dog. Mrs. Brideau then entered the house. Within a few minutes, the plaintiff came to the Brideau’s door, having been bitten by Shane.
In addition, the trial judge allowed the following defendants’ Requests for Find *100 ings of Fact.
1. The plaintiff, Jeremy St. Cyr, is a minor and was twelve years old at the time of the incident on May 14,1992.
2. The plaintiff lives at 425 Franklin Road, Fitchburg, Massachusetts.
3. The defendants, Joseph and Lisa Brideau, own a house at 41 Bernadette Street in Fitchburg, Massachusetts.
4. At the time of the incident Mr. & Mrs. Brideau owned two pure-bred collies.
5. The Brideaus’ home and yard was enclosed by a four foot wooden stockade fence with one gate.
6. On the day of the incident the gate was bolted.
7. The Brideaus’ home is fenced in to keep their dogs and their children in the yard.
8. On the day of the incident the minor plaintiff went up to the fence and asked if he could walk the dogs.
9. [Denied by the trial court]
10. He was not granted permission to enter Brideaus’ yard.
11. He had never been in their yard before.
12. On his own volition he opened the gate and entered the yard.
The trial judge found that the recent enactment of G.L.c. 231, §85Q, had as a legislative purpose the protection of children, like this plaintiff, from his own acts. The judge’s reliance on this statute to find that the entry of the plaintiff on the property of the defendants was not “sufficiently egregious” to constitute a trespass is erroneous.[3] The judge found as a fact that the defendant, Mrs. Brideau, denied the plaintiff’s request to walk her dog or come into the yard. In addition a picket fence was intended to restrict the freedom of the defendants’ children and a gate was operated by a slide bolt on the exterior of the gate. Even an inadvertent entry onto land constitutes “trespass” when there is no right or consent to enter. RESTATEMENT (SECOND) OF TORTS, §329, comment c.
Although a dog is most likely not an “artificial condition” for application of G.L.c. 231, §85Q, five conditions must be met. In this case, no evidence was presented to support these prerequisites. More importantly, G.L.c. 231, §85Q, does not characterize a person not a trespasser, but where applicable, permits recovery notwithstanding.
Therefore, from the facts found, the plaintiff was a trespasser and G.L.c. 231, §85Q is inapplicable. The Judgment of the District Court must be reversed and judgment is to be entered for the defendants.

A footnote in the defendants’ brief states that the plaintiff did not submit any requests for rulings, and never cited G.L.c. 231, §85Q in his pleadings.